1  Robert Ahdoot, SBN 172098
2  *rahdoot@ahdootwolfson.com*
   Bradley K. King, SBN 274399
3  *bking@ahdootwolfson.com*
4  **AHDOOT & WOLFSON, PC**
   10728 Lindbrook Drive
5  Los Angeles, California 90024
   Tel: (310) 474-9111
6  Fax: (310) 474-8585
7  *Counsel for Plaintiff and the Putative Class*

8                 **UNITED STATES DISTRICT COURT**

9               **CENTRAL DISTRICT OF CALIFORNIA**

10                      **Southern Division**

11
   Wesley R. Newman, individually and on        Case No. 8:19-cv-01282
12 behalf of all others similarly situated,
                                                 **CLASS ACTION COMPLAINT**
13                      Plaintiff,
14                                               **VIOLATIONS OF THE**
              v.                                 **TELEPHONE CONSUMER**
15                                               **PROTECTION ACT OF 1991**
   Fidelity Tax Relief LLC, a California
16 Limited Liability Company; Tax Rise
   Inc., a California Corporation; Price         DEMAND FOR JURY TRIAL
17 Holdings Inc., a California Corporation;
   Bridgley Inc., a California Corporation;
18 and DOES 1-10,
19
20                      Defendants.
21
22
23
24
25
26
27
28

                                  1

Plaintiff Wesley R. Newman ("Plaintiff"), individually and on behalf of the proposed Class defined below, alleges as follows upon personal knowledge as to himself and his own experiences and, as to all other matters, upon information and belief including investigation conducted by their attorneys.

## NATURE OF THE CASE

1.      Plaintiff brings this class action lawsuit against Fidelity Tax Relief LLC ("Fidelity Tax" or "FTR"), Tax Rise Inc. ("Tax Rise"), Price Holdings Inc. ("Price Holdings") and Bridgley Inc. ("Bridgley" and, collectively with Fidelity Tax, Tax Rise, Price Holdings, and the DOE defendants, "Defendants") for repeated and habitual violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"), a federal law that was designed to curtail abusive telemarketing practices precisely like those described herein.

2.      Upon information and good faith belief, based on due investigation by Plaintiff and his counsel, Defendants violate 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(2) by using an automatic telephone dialing system to deliver non-emergency advertising and marketing text messages to telephone numbers assigned to a cellular telephone service without prior express written consent.

## JURISDICTION AND VENUE

3.      Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendants. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call, in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

4.      Venue is proper in the Southern Division of the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b) and (c) because all of the Defendants are California businesses with their principal places of business in Orange County,

CLASS ACTION COMPLAINT

California and a substantial portion of the events alleged herein occurred within this District.

## **PARTIES**

5.     Plaintiff is an individual who at all relevant times resided in Chicago, Illinois.

6.     Defendant Price Holdings is a privately held family of companies that, according to its website, "takes a people-first approach to financial services, using technology to empower consumers to overcome debt and create a brighter financial future."

7.     Perhaps not surprisingly given the subject matter of this lawsuit, but Price Holdings is a lead generation company; in fact, it touts itself as "one of the premier lead generation companies."

8.     According to public filings with the California Secretary of State's office, Price Holdings corporate address is 19900 MacArthur Blvd, Suite 280, Irvine, California 92612.

9.     Defendant Fidelity Tax is, and at all times herein mentioned herein was, a California Limited Liability Company, with its principal place of business in Orange County, California.

10.     According to public filings with the California Secretary of State's office, Fidelity Tax's corporate address is listed as 17742 Irvine Blvd, Tustin, California 92780.

11.     Defendant Bridgley Inc. touts itself as "the largest negotiator of debt in the nation" and its website states that they "are passionate about helping people overcome debt as quickly as possible."

12.     According to its website, "Bridgley is a diversified financial solutions company specializing in tax and unsecured debt resolution under its various brands. Through innovative financial solutions and services, coupled with attentive customer service, Bridgley offers consumers unique options to successfully manage debt and become debt free."

13.     According to public filings with the California Secretary of State's office, Bridgley's principal place of business is 17981 Sky Park Circle, Suite B, Irvine, California 92614.

14.     Defendant Tax Rise is a company that, according to its website, "represent[s] taxpayers across all 50 states and put an end to their IRS tax debts as quickly as possible."

CLASS ACTION COMPLAINT

15. Tax Rise boasts that its "knowledgeable tax experts can assist you in stopping wage garnishments and bank levies before they happen, as well as negotiating major reductions in tax liability for those who qualify."

16. According to public filings with the California Secretary of State's office, Tax Rise's corporate address is listed as 19900 MacArthur Blvd, Suite 280, Irvine, California 92612.

17. Each of the above Defendants share a commonality of corporate executives, officers and offices.

18. Plaintiff is unaware of the true names and capacities of the defendants sued as DOES 1-10, and therefore sue these defendants by fictitious names. Plaintiff will seek leave to amend this Complaint when and if the true identities of these DOE defendants are discovered. Plaintiff is informed and believes and thereon alleges that each of the defendants designated as a DOE is responsible in some manner for the acts and occurrences alleged herein, whether such acts or occurrences were committed intentionally, negligently, recklessly or otherwise, and that each said DOE defendant thereby proximately caused injuries and damages to Plaintiff as herein alleged, and is thus liable for the damages suffered by Plaintiff.

## FACTUAL ALLEGATIONS

19. Plaintiff is, and has been at all times relevant to this action, the regular and sole user of his cellular telephone number: 940-631-XXXX.

20. At 3:48 p.m. CDT on May 22, 2018, Plaintiff received a text message on his cellular telephone from SMS short code 30838 stating:

> The Fresh Start Program
> can reduce or remove
> what you owe to the IRS.
> I am in the office, click on
> the this number to call
> me now (949) 335-4642
> STOP = STOP

21. That short code—30838—is assigned to CallFire which states on its website that "[s]hort codes enable your application to send SMS text messages at 30 messages per second. Thus, short-codes are perfect for applications that need to send SMS messages to lots of users

or need to send many time-sensitive messages."

22.     Plaintiff received 18 more text messages from that short code between May 22, 2018 and July 11, 2018, containing 10 different messages with similar language, several of which instructed Plaintiff to contact "Sarah" or "Sarah Martin."

23.     Plaintiff began calling the 949-area code phone numbers on or about May 24, 2018, but was unable to reach anyone until June 12, 2018, at which point he requested to be removed from their text-messaging list.

24.     Despite that request, Plaintiff received eight more text messages from short code 30838.

25.     On July 11, 2018, he called the number listed in one of the messages and spoke to someone named Cody who claimed to work for "Tax Relief."

26.     Cody informed Plaintiff that he couldn't remove him from the list, and the Sarah Martin referred to in the messages was from the "Tax Relief's" marketing department.

27.     Cody also stated that Tax Relief had recently begun using a program known as SMS-QT to send the blast text messages to marketing lists, before telling Plaintiff that he would forward the do-not-call request to the IT department so that they could remove him from the list.

28.     Nonetheless, Plaintiff received a text message on August 1, 2018 from SMS short code 2984 instructing him to call (949) 652-6686 regarding his student loan balance, and another text message making the same request on August 13, 2018.

29.     After receiving that message, Plaintiff called the listed number and spoke to an agent for "Client Services." One follow-up call later, Plaintiff was told he was removed from the messaging list.

30.     Nonetheless, only 10 minutes later, he received a form text message from short code 484848.

31.     After calling the 949-area code number listed in *that* message, Plaintiff was connected to a variety of customer service agents before finally being told that: (a) the message he had just received was also sent from the SMS-QT platform, and (b) according to a recording

CLASS ACTION COMPLAINT

that played while he was on hold, that the company making the calls was Fidelity Tax Relief (with the email address info@ftrelief.com and website of fidelitytaxrelief.com).

32.     Following that conversation, Plaintiff called back a number listed in one of the original messages from 30838 and asked if they worked for Fidelity Tax Relief, and the agent responded in the affirmative.

33.     Plaintiff also received text messages on July 23 and 24 from numbers 844-897-9054 and 844-506-6192 respectively, and was informed that both messages were sent on behalf of Fidelity.

34.     Finally, on August 16, 2018, Plaintiff received yet another tax relief text message from fidelity, this time from phone number 844-899-7401.

35.     In certain texts, Defendants acknowledged that Price Holdings was the parent company and that the "subset that will be providing you with tax relief will be Fidelity Tax Relief."

36.     In sum, Plaintiff received 25 text messages from numbers connected to and controlled by Defendants.

37.     Prior to these messages, Plaintiff has never had any business or professional interaction with Defendants, nor has he ever provided his telephone number to any of them, much less the prior, express, written consent that would be necessary to legalize the text-message advertisements sent by Defendants.

38.     The TCPA prohibits the placement of calls to individuals without their consent. *See* 47 U.S.C. § 227(b)(1)(A)(iii) ("It shall be unlawful for any person within the United States . . . to make any call . . . using any automatic telephone dialing system . . . to any telephone number assigned to a . . . cellular telephone service . . . .").

39.     Each of the text messages was unsolicited and impersonal, with many being simply repeated form messages, and many coming from SMS short codes rather than 10-digit numbers.

40.     Plaintiff never provided express, written consent to receive such messages. As such, each of the messages Plaintiff received was unlawful under the TCPA.

CLASS ACTION COMPLAINT

41.   A review of online complaints and court dockets shows that this problem is not limited to Plaintiff — consumers across the country have found themselves inundated with Defendants' text spam.  These complaints indicate a pattern consistent with the calls herein including the time frame of the calling campaign. (*See, e.g.,* https://800notes.com/Phone.aspx/1-310-409-1529).

42.   And, the State of Connecticut's Department of Banking has initiated a legal proceeding against FIDELITY TAX RELIEF a/k/a Apex Tax Resolution LLC and its owners for their illegal calling and deceptive practices.  (*See* Cease and Desist and Restitution Order from the Connecticut Department of Banking. (Available at http://www.ct.gov/dob/cwp/view.asp?a=2246&q=558260).

43.   As a result, Plaintiff and those like him have suffered lost utility of their phones—through diminished battery life and capacity incurred by receiving the text messages—lost time responding to the calls, and, where applicable, lost money or paid-for text-message allocations.

44.   Plaintiff did not give Defendants prior express written consent to send text messages to his cellular telephone number by using an automatic telephone dialing system.

45.   Upon information and good faith belief, Defendants sent text messages to Plaintiff's cellular telephone number and the cellular telephone numbers of the members of the class on behalf.

46.   Upon information and good faith belief, and in light of the nature and character of the text messages at issue, Defendants sent their text messages to Plaintiff's cellular telephone number (and those of the putative class members) by using an automatic telephone dialing system.

47.   Upon information and good faith belief, and in light of the nature and character of the text messages at issue, Defendants sent their text message to Plaintiff's  cellular telephone number (and those of the putative class members') by using "equipment which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically (even if

the system must be turned on or triggered by a person)." *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1053 (9th Cir. 2018).

48. Upon information and good faith belief, Defendants sent their text message to Plaintiff's cellular telephone number (and those of the putative class members') for non-emergency purposes.

49. Upon information and good faith belief, Defendants sent their text message to Plaintiff's cellular telephone number voluntarily.

50. Upon information and good faith belief, Defendants sent their text message to Plaintiff's cellular telephone number under their own free will.

51. Upon information and good faith belief, Defendants had knowledge that they were using an automatic telephone dialing system to send their text message to Plaintiff's cellular telephone number.

52. The purpose of the text messages that Defendants sent to Plaintiff's cellular telephone number was to advertise and to market Defendants' tax relief and related services and business.

53. Plaintiff suffered actual harm as a result of Defendants' text message in that he suffered an invasion of privacy, an intrusion into his life and a private nuisance.

54. Upon information and good faith belief, Defendants, as a matter of pattern and practice, use an automatic telephone dialing system to send text messages, absent prior express written consent, to telephone numbers assigned to a cellular telephone service.

## CLASS ALLEGATIONS

55. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons throughout the United States (1) to whom Defendants delivered, or caused to be delivered, a text message, (2) directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system, (4) within four years preceding the date of this complaint through the date of class certification.

56. Excluded from the class are Defendants, their officers and directors, members

CLASS ACTION COMPLAINT

of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

57.     Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

58.     The exact number of the members of the class is unknown to Plaintiff at this time, and can (and will) be determined through appropriate discovery.

59.     The members of the class are ascertainable because the class is defined by reference to objective criteria.

60.     In addition, the members of the class are identifiable in that, upon information and belief, their cellular telephone numbers, names and addresses can be identified in business records maintained by Defendants and by third parties.

61.     Plaintiff's claims are typical of the claims of the members of the class.

62.     As it did for all members of the class, Defendants used an automatic telephone dialing system deliver a text message to Plaintiff's cellular telephone number.

63.     Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice and procedure on the part of Defendants.

64.     Plaintiff's claims are based on the same theories as are the claims of the members of the class.

65.     Plaintiff suffered the same injuries as the members of the class.

66.     Plaintiff will fairly and adequately protect the interests of the members of the class.

67.     Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

68.     Plaintiff will vigorously pursue the claims of the members of the class.

69.     Plaintiff has retained counsel experienced and competent in class action litigation.

70.     Plaintiff's counsel will vigorously pursue this matter.

71.     Plaintiff's counsel will assert, protect and otherwise represent the members of

the class.

72.     The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

73.     Issues of law and fact common to all members of the class are:

    a.  Defendants' conduct, pattern and practice as it pertains to delivering text messages;

    b.  Defendants' use of an automatic telephone dialing system as defined by the TCPA;

    c.  Defendants' violations of the TCPA;

    d.  Whether Defendants' text messages constitute advertising and marketing; and

    e.  The availability of statutory penalties.

74.     A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

75.     If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

76.     The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

77.     The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendants.

78.     These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

79.     The damages suffered by each individual member of the class may be relatively modest, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

80.     The pursuit of Plaintiff's claims, and the claims of the members of the class, in

10

one forum will achieve efficiency and promote judicial economy.

81.    There will be little difficulty in the management of this action as a class action.

82.    Defendants have acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

## COUNT I

### Violations of the Telephone Consumer Protection Act

### 47 U.S.C. § 227(b)(1)(A)(iii)

83.    Plaintiff incorporates herein all preceding factual allegations.

84.    A text message is a "call" as defined by the TCPA. *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009); *Arredondo v. Flexi Corp.*, No. 5:17-CV-4, 2017 WL 7796192, at *1 (S.D. Tex. Aug. 18, 2017) ("Making a call using an automatic telephone dialing system triggers responsibility under the TCPA regardless of whether the recipient answers. . . . A text message to a cellular telephone qualifies as a 'call' for such purposes.").

85.    47 U.S.C. § 227(b)(1)(A)(iii) makes it "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . . ."

86.    47 C.F.R. § 64.1200(a)(2) additionally states, with respect to advertisement and telemarketing calls—of which Defendants' texts to Plaintiff are—that "[n]o person or entity may . . . [i]nitiate or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system or an artificial or prerecorded voice, to any of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii) of this section, other than a call made with the prior express written consent of the called party . . . ."

87.    47 C.F.R. § 64.1200(f)(8) defines "prior express written consent" as "an agreement, in writing, bearing the signature of the person called that clearly authorizes the

11

seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered."

88.   Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(2) by utilizing an automatic telephone dialing system to send an advertising and marketing text message to Plaintiff's cellular telephone number without prior express written consent.

89.   As a result of Defendants' violations of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(2), Plaintiff, and the members of the class, are entitled to damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

A.   Determining that this action is a proper class action;

B.   Designating Plaintiff as a class representative under Federal Rule of Civil Procedure 23;

C.   Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

D.   Adjudging and declaring that Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii);

E.   Enjoining Defendants from continuing their violative behavior, including continuing to deliver text messages to Plaintiff's cellular telephone number, and to the cellular telephone numbers of the members of the class, without prior express written consent;

F.   Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(b)(3)(B);

G.   Awarding Plaintiff and the members of the class treble damages under 47 U.S.C. § 227(b)(3);

H.   Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Federal Rule of Civil Procedure 23;

I.      Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

J.      Awarding such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of any and all triable issues.


Respectfully submitted,


**AHDOOT & WOLFSON, PC**

Dated:  June 26, 2019                    */s/ Bradley K. King*
                                         Robert Ahdoot, SBN 172098
                                         *rahdoot@ahdootwolfson.com*
                                         Bradley K. King, SBN 274399
                                         *bking@ahdootwolfson.com*
                                         10728 Lindbrook Drive
                                         Los Angeles, California 90024
                                         Tel: (310) 474-9111
                                         Fax: (310) 474-8585


                                         *Counsel for Plaintiff and the Putative Class*

CLASS ACTION COMPLAINT